# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMES SHERMAN,**

    Plaintiff,

    v.                                        Case 17-CV-1446

**WAL-MART and
TONIA LOGAN,**

    Defendants.

---

## ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING ORDER

---

James Sherman filed a *pro se* complaint against Wal-mart alleging wrongful termination. (Docket # 1.) On January 3, 2018, I ordered Sherman to file an amended complaint indicating whether he filed an administrative complaint. Sherman has now filed an amended complaint and has attached his Right to Sue Letter. (Docket # 6-1.) I will now screen Sherman's amended complaint.

The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in *forma pauperis*, I must make two determinations.

First, I must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to the court. *Id*. The party instituting a civil action in a district court is required to pay a $400 fee to the court's clerk, but if the court determines

that the litigant has insufficient assets, the court may authorize the commencement of the action without payment of the fee.

Second, I must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id*. at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

## DISCUSSION

Sherman states that he is married and has one minor son and one minor daughter. (Docket # 2 at 1.) Sherman asserts that he is an employee of Meijer and his monthly income is $3,360. (Id. at 2.) Sherman states that his monthly expenses range from $2,700-$3,000. (*Id*. at 2-3.) However, Sherman states that he owns a car and has $2,000 in his checking/savings account. Based on the information provided, I am not satisfied that Sherman is indigent for the purpose of the *in forma pauperis* statute. Therefore, Sherman's motion to proceed without paying the filing fee is denied.

I next turn to the question of whether Sherman's action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In his amended complaint, Sherman alleges that he was terminated from Wal-Mart based on false accusations stemming from racial animus. Title VII of the Civil Rights Act of 1964 prohibits an employer from terminating an employee because of racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A plaintiff may bring a charge of employment discrimination in federal court once he makes an administrative complaint and receives a notice of his right to sue from the Equal Employment Opportunity Commission (EEOC). *Id*. at 798. Accordingly, I do not find that Sherman's complaint is frivolous or malicious. Further, because Sherman is bringing his complaint against Wal-Mart and an employee of Wal-Mart, I do not find that he is seeking monetary relief against a defendant who is immune from such relief.

Because I do not find that Sherman's complaint is frivolous, I will allow Sherman to file the statutory filing fee by **April 27, 2018**. If Sherman does not pay the filing fee by this date, his complaint will be dismissed Additionally, because Sherman is bringing this claim against Tonia Logan, an employee for Wal-Mart, I will allow Sherman to file a second amended complaint against Wal-Mart alone. Title VII does not provide for individual liability against an agent of the employer. *Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995). To be clear, this does not mean that Sherman's complaint cannot make factual allegations against his supervisor Logan, but only Wal-Mart can be a defendant and listed in the case caption as such.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Sherman's motion for leave to proceed *in forma pauperis* is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Sherman's second amended complaint is due **April 27, 2018**;

**IT IS FURTHER ORDERED** that Sherman will have until **April 27, 2018** to pay the statutory filing fee or his claim will be dismissed.

Dated at Milwaukee, Wisconsin this 26th day of March, 2018.

BY THE COURT

s/Nancy Joseph
NANCY JOSEPH
United States Magistrate Judge